## H. G. DAY v. E. S. PEASLEY.

*Lister.   Grand List.   Selectmen, Appeal from Listers to.*

1. The plaintiff had purchased $800 worth of goods in Boston, and had them in his possession, in this State, on the first day of April, and for which he was indebted. The listers did not allow the $800 debt in offset ; but did not include the goods in making his list. He then appealed to the selectmen, and they affirmed the decision of the listers. The action of the listers is held valid ; and the decision of the selectmen, final.
2. The grand list was legal, though the oath of the listers had not been recorded ; and, though, it did not appear that the selectmen, who assessed and certified the tax, had been sworn.
3. Act of 1872, No 58,—oath of listers—construed.
4. R. L. ss. 267, 270,—all personal estate must be set in the list, &c., construed.

HEARD by the court at the December Term, 1880, Orange County, POWERS, J., presiding. Action, trespass ; pleas and notice of justification, setting out that the defendant was constable and collector of the town of Bradford, and that the defendant took the carriage in question by virtue of a tax warrant. Judgment was rendered for the defendant. The case is stated in the opinion.

*Farnham & Chamberlin,* for the plaintiff.

By the act of 1872, No. 58, p. 95, the oath of the listers should have been recorded. Gen. St. c. 15, s. 16 ; *Ayers* v. *Moulton* 51 Vt. 115 ; *Cardegan* v. *Page,* 6 N. H. 182 ; *Gibson* v. *Bailey,* 9 N. H. 168 ; *Cass* v. *Bellows,* 31 N. H. 508 ; *Coburn* v. *Ellis,* 5 Mass. 427 ; *Wells et al.* v. *Batelle,* 11 Mass. 477.

The selectmen should have been sworn. Const. of Vt. c. 2, s. 29 ; *Courser* v. *Powers,* 34 Vt. 517 ; *Houston* v. *Russell,* 52 Vt. 110 ; Conn. Const. art. 10, s. 1 ; 5 Conn. 278 ; Const. of Md. art. 1, s. 4 ; *Thomas* v. *Owens,* 4 Md. 186.

The debt was due in Vermont, and here the plaintiff was entitled to have the only benefit that a just debt can give any man. *State* v. *Flavell,* 24 N. J. L. 370 ; *State* v. *Williamson,* 33 N. J. L. 77 ; *Hewes* v. *Ries,* 58 Cal. 255.

Day *v.* Peasley.

*J. W. Rowell* and *J. H. Watson*, for the defendant.

The grand list was regular and valid. *Wilson* v. *Seavey*, 38 Vt. 221 ; *Macomber* v. *Center*, 44 Vt. 237. The listers were sworn, as required by St. 1872, No. 58. The statute does not require the oath to be recorded before listers enter upon the performance of their duties. *Ayers* v. *Moulton*, 51 Vt. 115, is not to the contrary. Slade's Sts. 411, s. 10 ; *Andrews* v. *Chase*, 5 Vt. 409, 414. The decision of the selectmen was final. Gen. St. c. 83, s. 28. They had jurisdiction of the person and subject-matter. 48 N. Y. 98, 518 ; 53 N. Y. 49 ; 14 Wal. 613 ; 24 Vt. 13 ; 3 Denio, 117. They need not be sworn. 37 Vt. 210. In effect the plaintiff's indebtedness was deducted from his list.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass brought to recover for the value of a covered carriage. The defendant justified as constable and collector of taxes under tax warrants, duly and legally issued against the plaintiff for a state, county and town tax. It was admitted that the defendant was, at the time of the taking of the property sought to be recovered for, a legal constable and collector of taxes ; that a tax of one hundred cents on the dollar, was voted by the town of Bradford at the March meeting held in 1878 ; that the selectmen, listers and town clerk of that town for the year 1878, were duly elected, and that the plaintiff on the 1st day of April, 1878, was and ever since has been a resident and ratable tax payer of said town.

It appeared that the plaintiff in December, 1877, purchased $800 worth of goods in Boston, for which he was indebted on said 1st day of April, and that shortly thereafter he ordered said goods shipped to Bradford. No claim was made by the plaintiff that the goods so owned by him were taxed in Boston, or elsewhere out of Vermont. The listers declined to allow the debt which he was owing for said goods as an offset, and did not include said goods in making his list ; and upon an appeal taken by the plaintiff to the selectmen, the action of the listers was by them affirmed. The plaintiff now claims that the refusal of the listers to allow said offset invalidates the list so that the collector

cannot justify under his warrant.  By ss. 267 and 270, R. L., all personal estate except such as is owned by inhabitants of this State, situated and taxed in another State, is required to be set in the list, so that the listers, in neglecting to set said goods in the list did virtually allow the offset claimed.  The goods not being set in the list, the plaintiff had no right to have the amount in which he was indebted for them allowed as an offset.  A large discretion is necessarily vested in the listers in the ascertainment of such debts owing from the person listed as should be allowed as an offset ; and it is expressly provided that the decision of the selectmen, upon an appeal by the party claiming to be injured by the action of the listers, shall be final.  So, upon both grounds, the list was not, upon the facts appearing in the exceptions, invalidated so that the officer could not justify under his warrant.

The grand list, when offered as evidence, was objected to upon the ground that the oath which the listers by the act of 1872 were required to take, had not been recorded as required by the same act.  While it is true, as was held in *Ayers* v. *Moulton*, 51 Vt. 115, that the taking of said oath is an indispensable requisite to the qualification of the listers, it has never been held that the recording of the oath was essential.  The object in requiring a record of the oath to be made, is that there may be record evidence of the fact, and most, if not all of the cases that have been relied on by the plaintiff upon this point, are cases where the sufficiency of the record as evidence of the fact has been in question.

It being conceded that the listers were sworn, it was not necessary to show that the oath taken by them was recorded.  It was no part of their duty to procure such record to be made.

It was also claimed that, it not appearing affirmatively that the selectmen who assessed and certified the tax had taken any oath of office, their acts were void.  In *Leamington* v. *Blodgett*, 37 Vt. 210, it was decided that no such oath was required, and we see no occasion or reason for reversing that decision.  The other exceptions taken have not been insisted upon in argument, and the judgment is affirmed.