J. McGREGOR ADAMS, APPELLANT, V. RALPH R. OSGOOD, APPELLEE.

FILED NOVEMBER 21, 1900.  No. 11,344.

1. **Void Tax Sale:** IRREGULARITIES: WANT OF AUTHORITY IN TREASURER.  Between tax sales that are void for mere irregularities and those that are void for want of authority in the treasurer to sell, the laws of this state make no distinction.

2. ———: ASSIGNMENT OF PUBLIC RIGHT TO PURCHASER.  A void tax sale is effective in every case as an assignment of the rights of the public to the purchaser.

3. **Holder of Certificate:** SUBROGATION.  The holder of a tax-sale certificate is subrogated to the rights of the public in any taxes which he pays for the purpose of protecting his lien, whether such taxes were levied before or after he became the owner of such lien.

4. ———: LIEN: FORECLOSURE.  The owner of a tax-sale certificate may enforce his lien by an action in the nature of a suit to foreclose a real estate mortgage.

5. **Tax Lien:** FORECLOSURE: ADMISSION OF PLAINTIFF. An admission by the plaintiff in an action to foreclose a tax lien, that taxes for certain years were charged against his property, and that he had, before the suit was instituted, tendered to the treasurer the amount of such taxes for the purpose of effecting a redemption, is, in the absence of countervailing proof, sufficient to establish the validity of the taxes to which the admission relates.

6. **Valid Tax:** ASSESSMENT: LEVY. An assessment and levy for general revenue are always evidence of a valid tax.

7. **Validity of Tax:** GENERAL REVENUE: PRESUMPTION. In an action involving the validity of a tax for general revenue it will be presumed, in the absence of proof to the contrary, that the taxing authorities discharged the duties imposed upon them, and that the board of equalization held annual sessions at the time required by law.

APPEAL from the district court of Douglas county. Heard below before DICKINSON, J. *Affirmed.*

*John L. Webster*, for appellant.

*H. W. Pennock, Charles Robbins, Lambertson & Hall* and *C. C. Marley*, contra.

SULLIVAN, J.

This cause has been twice decided by this court and twice remanded to the district court for further proceedings. *Adams v. Osgood*, 42 Nebr., 450, 55 Nebr., 766. The plaintiff, J. McGregor Adams, charged in the petition that his title to certain Omaha real estate was clouded by two void tax sale certificates and other pretended tax liens held by the defendant, Ralph R. Osgood. Osgood answered, alleging that the certificates and liens referred to in the petition were valid, and praying for a foreclosure of the same. The plaintiff having dismissed his cause of action after the first judgment of reversal, there was a trial only of the issues formed by the answer and reply. The district court found in favor of the defendant and rendered a decree of foreclosure, from which plaintiff appeals.

Counsel for Adams contends that the sales upon which the tax certificates are based were prematurely made, and therefore void. For the purposes of this case, let that be conceded. Under our decisions, the difference between a valid and a void tax sale, so far as the purchaser is concerned, is not very great. In either case he succeeds to the rights of the public; the lien of the tax, for the non-payment of which the land was sold, is transferred to him; and so also is the lien of any prior or subsequent tax afterwards paid by him to protect his rights under the tax sale certificate. Between sales that are void for mere irregularities and those that are void for want of authority in the treasurer to sell, the decisions in this state make no distinction whatever. The sale is in every case effective as an assignment of the rights of the public to the purchaser. *Merriam v. Hemple*, 17 Nebr., 345; *Roads v. Estabrook*, 35 Nebr., 297; *Adams v. Osgood*, 42 Nebr., 450; *Medland v. Connell*, 57 Nebr., 10; *Grant v. Bartholomew*, 57 Nebr., 673. RAGAN, C., discussing the question when the case was first here, said, p. 463: "Osgood, then, by virtue of the purchase he made of these lots in 1888, and by virtue of the taxes paid thereon both prior and subsequent to that date to protect the lien he acquired by his purchase, became subrogated to the rights which the public had against these lots by virtue of these tax liens." It thus appears to be settled by authority, and as the law of the case, that the defendant is the owner of the tax liens formerly existing in favor of the public against lots 3 and 4 in block 52 in the city of Omaha. Having been subrogated to the rights of the public he is entitled to enforce his liens by an action in the nature of a suit to foreclose a mortgage. Compiled Statutes, 1899, ch. 77, art. 5, sec. 1. These remarks dispose of the first, second and fourth points discussed by counsel for appellant.

His third contention is that the record does not show that there was an assessment or levy for the year 1888. We think it does. The petition, which was given in evi-

dence, contains an admission that taxes, amounting with interest to $2,573, were charged against the plaintiff's property for the year 1880 and subsequent years, including 1888; and that the plaintiff, for the purpose of effecting a redemption from the certificates of sales and other liens, had, before the commencement of the action, tendered said sum to the treasurer of Douglas county. This admission, which is in no way qualified or limited, is sufficient, in the absence of countervailing proof, to establish the validity of the taxes to which it refers.

A further contention on behalf of appellant is that a portion of the taxes included in the decree are void because the board of equalization was not in session in the years for which such taxes were levied. There is no proof that the board did not hold annual sessions as required by the statute, and the presumption is that it did. An assessment and levy for general revenue are always evidence of a valid tax. It is presumed that the taxing authorities in making such an assessment and levy proceeded according to law; that they discharged with fidelity the duties imposed upon them by the revenue act. *Miller v. Hurford*, 13 Nebr., 13; *Towle v. Holt*, 14 Nebr., 221; *Leavitt v. Bell*, 55 Nebr., 57; *Chamberlain Banking House v. Woolsey*, 60 Nebr., 516; *Durham v. People*, 67 Ill., 414; *Shelbyville Water Co. v. People*, 140 Ill., 545; 2 Desty, Taxation, 615.

Some other arguments against the validity of defendant's liens are explicitly answered by sections 141 and 142, article 1, chapter 77, Compiled Statutes, 1899.

The judgment is right and is

AFFIRMED.