RITTER v. DRAINAGE DISTRICT NO. 1, POINSETT COUNTY.

Opinion delivered April 30, 1906.

1. PUBLIC DITCH—ASSESSMENT OF PROPERTY.—Kirby's Digest, §§ 1414-1450, providing for the establishment of drainage districts, is not unconstitutional in failing to limit the assessment upon the lands to the value of the benefits conferred by the improvement. (Page 584.)

2. SAME—SUFFICIENCY OF NOTICE.—Kirby's Digest, § 1417, providing that the county court shall cause a notice of the pendency of a petition for the establishment of a drainage district and of the appointment of viewers, etc., to be published by one insertion in a newspaper of general circulation published in said county, is not invalid in prescribing an unreasonable and insufficient notice. (Page 584.)

3. SAME—BENEFIT—CONCLUSIVENESS OF FINDING.—A finding of the county court that a proposed ditch will benefit certain lands raises a *prima facie* presumption of benefit thereto, and such finding will not be set aside when there is evidence to support it, even though it is against the preponderance of the evidence. (Page 584.)

4. SAME—ASSESSMENT OF SWAMP LAND.—Where the State's title to swamp and overflowed land has passed to private ownership, the land becomes

subject to assessment for local improvement, the same as any other lands. (Page 585.)

5. SAME—VALIDITY OF ASSESSMENT.—An assessment for a public ditch can not be avoided as a whole because the reports and schedules of the viewers failed to make any showing as to floodgates, waterways, farm crossings, or bridges or as to the number of feet in length of the proposed ditch through each tract of land. (Page 585.)

Appeal from Poinsett Circuit Court; *Allen Hughes,* Judge; affirmed.

*L. C. Going,* for appellant.

1. The act is unconstitutional, in that it provides for the taking of property without just compensation or due process of law. Under the act of Congress of September 28, 1850, the State took the lands as trustee for the reclamation of the lands by the construction of levees and drains. The object of the act was not that these lands should be used as a means of revenue to the State.

2. It is also unconstitutional because it does not restrict the assessment to the value of the benefit conferred upon the landowner. 9 Am. Dec. 634; 6 Vroom (N. J.), 497.

3. The act is also defective in that it does not provide for sufficient notice to the landowner. 74 N. Y. 234; 95 U. S. 733; 92 U. S. 480; 102 U. S. 586; 7 Neb. 258; 16 Pac. 549.

4. The petition does not comply with the act in that it fails to show where the ditch is to begin.

5. The act is further not complied with in that the schedule filed by the viewers with their report makes no showing as to floodgates, waterways, farm crossings, bridges and dimensions thereof, nor the number of feet in length of the proposed ditch through each tract of land.

6. The viewers overestimated the benefits to be derived by appellant, and the assessment is therefore, as to his lands, excessive. 34 Ill. 203; 51 Ill. 130.

7. The proof is insufficient to show the necessity of the construction of the ditch.

*R. L. Cowan, Benj. Harris* and *J. J. Mardis,* for appellee.

1. The act is the same as the act of April 23, 1891, with slight modifications. Its constitutionality has been sustained by this court. 64 Ark. 555. Courts generally have sustained the

constitutionality of such acts.  96 U. S. (L. Ed.), 617; 47 Cal. 222; 158 Ind. 159; 28 Wash. 38; 164 U. S. 112, 163.  The act is directed to the drainage of low and marshy lands as a menace to public health, etc., and is within the police power of the State. 152 U. S. 133; 151 U. S. (38 L. Ed.), 269.  Its validity can not be attacked on the theory that it impairs the obligation of a contract.  111 U. S. (28 L. Ed.), 573.  As to the contention that under the act property is taken without just compensation, the public good is to be considered rather than private interests. Cooley on Tax. (2 Ed.), 617.

2.  The act requires a general description of the ditch or drain, stating the starting point, route and terminus.  This does not mean an exact and accurate description thereof in the petition.  64 Ark. supra; 66 Ind. 178; 42 N. E. 207; 36 N. E. 672; 65 Cal. 635; 47 N. E. 679; 45 N. W. 345.

3.  The necessity for floodgates, waterways, etc., is not shown to exist.  Inasmuch as the viewers recommended that the construction of the ditch and laterals be let to contract, it was of no moment to report the exact distance in feet through the separate holdings of owners.

4.  The benefits to be derived from the construction of the ditch is fully shown by the evidence.  The court's finding on this point is conclusive.

5.  As to the necessity for the construction of the ditch, it is sufficient to allege in the petition that the drain will benefit the public health or be of public utility.  It is unnecessary to show how these objects will be attained.  93 Ind. 360.  Moreover, the question of the necessity for the proposed improvement and whether the public health and convenience requires it, is for the lower court to decide, and, in the absence of an allegation of fraud, such questions are not subject to review on appeal. 66 Ark. 302.  See also 44 L. Ed. Sup. Ct. Rep. 636.

McCulloch, J.  This is a proceeding commenced in the county court of Poinsett County to establish a drainage district under the act of April 23, 1903 (Kirby's Digest, §§ 1414-1450), for the purpose of constructing a ditch or drain along a certain route through lands described into the St. Francis River.

The petition for the establishment of the district was signed by eight landowners whose lands were to be affected by the pro-

posed improvement, in accordance with the requirements of the statute, and was duly filed and presented to the county court, and the petitioners gave bond as provided by the statute.

The court made an order appointing viewers and a civil engineer to make examination and survey of the lands to be affected, and caused notice to be published of the hearing of the report thereof. The report was made and approved, and the court made an order establishing the district, and directed the viewers and engineer to make a survey and plat of lands to be benefited by the proposed ditch, and an estimate of the cost of improvement and assessment on the lands. The report and assessments of the viewers were filed, notice thereof to landowners was duly served and published, and upon hearing the said final report and assessments were approved and confirmed by the court. Appellant, Ritter, the owner of land affected by the improvement, appeared and filed his exceptions to the judgment of the court in establishing the district and in approving the assessments, and appealed to the circuit court, where the same judgment was rendered, and he appealed to this court.

He attacks the validity of the statute, and the proceedings pursuant thereto, upon the following grounds:

1. That the terms of the statute impose an improper and illegal burden upon the owner of "swamp and overflowed lands," which were granted to the State of Arkansas by the United States, under the act of Congress of September 28, 1850.

2. That the statute is unconstitutional and void because it does not limit the assessment upon the lands to the value of the benefits conferred by the improvement.

3. That the statute is void because the notice required thereby to landowners of the establishment of the district and assessment of lands is unreasonable and insufficient, so that the effect of the assessment is a taking of property "without due process of law."

4. That the petition and notice fail to sufficiently describe the proposed beginning and route of the ditch, so as to give the court jurisdiction and put the landowners upon notice of the proceedings.

5. That the report and schedules of the viewers were insufficient because they failed to make any showing as to flood-

gates, waterways, farms or crossings, bridges and dimensions, or the number of feet in length of the proposed ditch through each tract of land.

6. That the necessity for the proposed improvement was not made to appear by sufficient proof in the proceedings.

He also attacks the assessment upon his own lands, on the ground that, according to the proof, as he alleges, they will not be benefited by the ditch, and that the viewers overestimated the value of the benefits to his lands.

The second, third and fourth grounds of attack are settled adversely to appellant's contention in the case of *Cribbs* v. *Benedict*, 64 Ark. 555. Those questions were fully considered by the court, and discussed at length in the opinion in that case, and the reasons for upholding the statute need not be reiterated. Suffice it to say that we have no reason to doubt the correctness of that decision and the principle announced in the opinion, and the same are again approved. That decision construed the act of 1891, which has been repealed and superseded by the later statute now in force. There is no material difference between the two statutes, so far as they affect the questions involved in this case. The language of the two statutes is slightly different with respect to the requirement of notice of the point of beginning of the proposed route of the ditch, but the difference is not sufficiently material to prevent the application to the present statute of the rule announced in *Cribbs* v. *Benedict*. The following authorities, not cited in the Cribbs case, are instructive on the question, and fully sustain the principles announced by this court. *Stiewel* v. *Fencing District*, 71 Ark. 17; *Fallbrook Levee District* v. *Bradley*, 164 U. S. 112; *N. Y. & N. E. Railroad Co.* v. *Bristol*, 151 U. S. 556; *Pittsburg, etc., Ry Co.* v. *Machler*, 158 Ind. 159.

Appellant's sixth ground of objection to the proceeding, that it does not appear from the evidence that the improvement is necessary, or will result in benefit to the lands included in the district, is settled by the decision in *Stiewel* v. *Fencing District*, 71 Ark. 17. The findings and conclusions of the county court raise at least a *prima facie* presumption of benefit to the lands, and the finding of the trial court will not be set aside when there is evidence to support it, even though against the preponderance

of the evidence. The report of the viewers is sufficient evidence to support the finding of the court as to probable benefits.

The contention of appellant set forth in his first ground of attack is untenable. The State's title to the swamp and over-flowed lands having passed to the present owners, it falls within the taxing power of the State, regardless of the origin of the title, and is subject to assessment for local improvement, the same as any other lands. No exemption is found in the dona-tion act of Congress, and none can be supplied by the courts under the pretext that contractual rights of the owner are impaired by an assessment thereof for local improvements.

The grounds of the fifth assignment are not well founded, and the validity of the proceedings establishing the district and making the assignment can not be avoided for that reason. Appellant does not complain at the failure of the viewers to specify the number of floodgates, waterways, crossings, etc., so far as they might substantially affect any of the rights of the landowners, but sets forth this omission as ground for avoiding the whole proceedings. The omission can not be made to serve that purpose. If the attention of the court had been called to the omission as affecting substantial rights, doubtless the court would have referred the matter back to the viewers for estimates and report on that subject. The viewers reported in favor of a contract for construction of the improvement as a whole, with-out allotment to the several tracts, and the court, therefore, did not order an allotment. The statute leaves this in the discretion of the county court as to whether or not it shall order an allot-ment when the viewers report in favor of a contract for con-struction as a whole.

This brings us to a consideration of appellant's contention that his lands will receive no benefits from the proposed ditch, and that the viewers overestimated the resultant benefits to his land. The findings of the trial court upon these questions being supported by legally sufficient evidence, we are concluded by them.

Upon the whole, we find no grounds upon which the judg-ment of the court establishing the drainage district and approv-ing the assessment should be disturbed, and the same is in all things affirmed.