OVERSTREET v. LEVEE DISTRICT NO. I OF CONWAY COUNTY.

Opinion delivered October 15, 1906.

1. LEVEE DISTRICT—PRESUMPTION OF REGULARITY.—An order of the county court forming a levee district which is regular on face, and recites that due notice of the intention of the petitioners to apply for such order was given, makes a *prima facie* showing of regularity and validity. (Page 464.)

2. LEVEE ASSESSMENTS—PRESUMPTION OF REGULARITY.—Copies of the records of the boards of directors and of assessors of a levee district are competent to establish a *prima facie* case in favor of the regularity of an assessment made by them. (Page 464.)

3. EVIDENCE—RECITALS OF RECORDS.—Where the records of the board of directors of a levee district recite that a meeting was held, as required by law, after due notice given, for the purpose of revising and adjusting the assessments made by the assesors and reported to the board of directors, this makes a *prima facie* case until the contrary is made to appear by those questioning the validity of the assessment. (Page 464.)

4. LEVEE BOARD—MATERIALITY OF MISREPRESENTATION.—A misrepresentation made by one of the directors whereby a landowner was induced to vote for the building of a levee was not material if the latter's vote in favor of the work was not essential to the making of a majority of the landowners of the district in favor of the improvement. (Page 465.)

5. SAME—MISREPRESENTATION OF OFFICERS.—The validity of an assessment of levee taxes can not be impeached by proof of an unauthorized misrepresentation by one of the directors of the district concerning the amount of the assessment, made at a time when the assessment had not been declared. (Page 467.)

6. LEVEE TAX—PENALTY FOR DELINQUENCY.—Under Kirby's Digest, § 4954, providing that if levee assessments are not paid within 30 days the board of directors shall enforce the collection of same by proceedings in a chancery court, which court shall give judgment against the persons claiming to own the land with ten per cent. penalty, it was error for the court, in a case of such delinquency, to refuse to give judgment for the penalty. (Page 468.)

Appeal from Conway Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed except as to penalty.

*G. W. Bruce* and *Sam Frauenthal,* for appellants.

1. There is no evidence that the various steps necessary to make a valid organization of a levee district, and the levy of an assessment, were actually taken as provided by the statute. The

requirements of the statute, which would be a protection to the citizens, are mandatory and must be strictly complied with. 50 Ark. 116; 130 U. S. 177; 25 Am. & Eng. Enc. Law (2 Ed.), 1204.

2. There is no proof that the proposed levee would benefit the lands, or in any way would increase their value.

3. The county court is required to designate the day of election for directors and assessors of this district, and to appoint three judges to hold the election. Kirby's Digest, § 4931. The order was made on July 11, fixing the day of election on July 18. The law requires that such election be held in accordance with the general election law. *Ib.* § 4932. And that law provides for 20 days' notice before a general election, and for 10 days' notice before a special election. *Ib.* § 2809. The county court and county clerk are required to canvass the vote and declare the result. *Ib.* § 4934. This was not done. All directors and assessors are required to take and subscribe to the oath of office before entering upon the discharge of their duties. This was not done. The assessment was not made in the manner prescribed by the statute. *Ib.* § § 4938, 4940, 4942, 4948.

*Sellers & Sellers,* for appellee.

1. Appellants are estopped from questioning the validity of the levee district, by the acts of J. H. Overstreet. He attended all meetings, voted for directors, assessors and for the levee, and knew that the levee was being built. One who participates in an act will be estopped from asserting its invalidity to the injury of others. 52 Ark. 251; 50 Ark. 130; 70 Ark. 467; 64 Ark. 639.

2. The court fixes the time for election of directors and assessors, and other notice is not required. Kirby's Digest, § 4931. If other notice was required, the election without it would still be valid. 50 Ark. 267. Appellant could not have been injured by want of notice. He attended the election, and voted.

McCULLOCH, J. This is a suit in chancery instituted by Levee District No. 1 of Conway County, a levee district alleged to have been duly formed according to the provisions of chapter 100, Kirby's Digest, against J. H. Overstreet and M. F. Overstreet to recover assessments alleged to have been duly made and chargeable against certain lands of the defendants situated in the district for the construction of the levee.

The defendants in their answer challenge the legality of the formation of the district and the validity of the assessments. They deny (1) that the district was legally formed, (2) that their lands are benefited by the building of the levee and subject to taxation for levee purposes, and (3) that the assessments were made and raised according to law.

The cause was heard upon documentary and oral testimony adduced at the trial, which has been brought upon the record by bill of exceptions, and the chancellor rendered a decree in favor of the plaintiff, charging the amount of the assessment as a lien upon the lands described and ordering it to be sold in default of payment of the assessments. The defendants appealed to this · court.

The court refused a decree for the statutory penalty of ten per cent. on nonpayment of the assessments within thirty days, and the plaintiff also appealed from this part of the decree.

The basis of the attack upon the order of the county court forming the levee district is that there was no notice given, as required by statute, of the intention to apply for such order. The order of the county court, however, recites that due notice had been given, there was oral testimony adduced at the trial of this cause tending to establish the fact that such notice was given, and the testimony contradicting it was of a negative character. The petition for formation of the district had been lost, and could not be produced. The evidence was sufficient to support the finding of the chancellor that the notice had been given, and the decree will not be disturbed on that ground. The order of the county court is regular on its face, and contains all the necessary jurisdictional recitals, and is at least sufficient to make a *prima facie* showing of regularity and · validity. *Stiewel* v. *Fencing District*, 71 Ark. 17.

Copies of the records of the board of directors and assessors of the district were introduced in evidence. They were competent evidence, and established a *prima facie* case in favor of the regularity of such assessment. *Kansas City, P. & G. R. Co.* v. *Waterworks Improvement District*, 68 Ark. 276; *Stiewel* v. *Fencing District, supra; Ritter* v. *Drainage Dist. No. 1*, 78 Ark. 580; *State* v. *Kidd*, 125 Ala. 413; *McCrory* v. *Manes*, 47 Ga. 90; *Smith* v. *Scully*, 66 Kan. 139; *Mills* v. *Richland Tp.*, 72

Mich. 100; *Pittsfield* v. *Barnestead,* 40 N. H. 477; *Grand Rapids S. F. Co.* v. *Grand Rapids,* 92 Mich. 564; *Scranton Poor Dist.* v. *Directors,* 106 Pa. St. 446; *Day* v. *Peasley,* 54 Vt. 310; *Adams* v. *Osgood,* (Neb.), 84 N. W. 257; *Bennett* v. *Darling* (S. D.), 86 N. W. 751; 1 Desty on Taxation, p. 447.

Appellant J. H. Overstreet in his testimony states his opinion that the assessment on the lands of appellants is excessive, but he does not show that the lands are not benefited, and his testimony fails to overturn the *prima facie* fairness and equality of the assessments established by the returns of the assessors. *Kansas City, P. & G. R. Co.* v. *Waterworks Improvement Dist., supra.*

This also disposes of appellant's contention that no meeting was held, as required by law, for the purpose of revising and adjusting the assessments made by the assessors and reported to the board of directors. The records of the board recite that such meeting was duly held after notice had been given, and this record is sufficient to make a *prima facie* case until the contrary is made to appear by those questioning the validity of the assessment.

Appellants, to impeach the assessment, introduced testimony to the effect that at a meeting of landowners O. O. Scroggins, one of the directors, told appellants that the assessment on their lands amounted to $353.50, and thereby induced them to vote for the building of the levee. The amount of the assessment is $612, as shown by assessment roll. Learned counsel for appellant insist that the levee district should be held bound by the statement of the director, or the assessment should be held to be invalid on the ground that it was never laid before the landowners at the meeting thereof.

The statute provides that, after formation of the district and election and qualification of the board of directors, said board shall determine what work shall be necessary to be done or levees to be constructed to protect the lands from overflow and cause to be made accurate surveys and estimates of the cost of the work by suitable engineers, and that the assessors shall then make an assessment of the value of all lands in the district subject to overflow, making a record of the value of said lands as assessed without the work, and the value thereof as improved by the work.

The next three sections of the statute are as follows:

"Sec. 4941. The board of directors shall then call a meeting of all the landholders of said district at some place convenient to some part of said work, and shall give at least five days' notice of the time and place of said meeting by written or printed handbills put up in ten public places in said district, and that the estimates of the surveyor and the list of the assessors will be submitted to said meeting for action, and requiring the owner of said lands, and the holders of any lien thereon, to show cause at said meeting why said. lands shall not be assessed with their proportional part of the cost of such work.

"Sec. 4942. At such meeting the report and the estimates of the engineers and the assessments of the assessors shall be laid before the landholders present; an estimate of the probable cost of said work and the probable rate per centum thereof on the valuation of said lands as increased by said work, as will be necessary to pay for said work, shall be made known to the landholders present; and if a majority of the landholders present, either by themselves or their agent or attorney authorized to act for them, vote for said work, the same shall be done..

"Sec. 4943. If it shall be decided at said meeting, in the manner aforesaid, to do said work, the directors shall proceed to let the same out to the lowest and best bidder; provided, said directors shall have the right to reject all bids if the same shall be deemed too high."

The meeting provided for in the foregoing sections was duly held on August 10, 1904, at Miller Ford in said levee district. Notice of the meeting was given, and appellant J. A. Overstreet was present. It was at this meeting that appellants say the statement was made by Scroggins concerning the amount of the assessment. Scroggins testified that he told the landowners at this meeting that the cost of the levee would approximate six and one-half per cent. of the increased valuation as assessed by the assessors, but that afterwards it was ascertained that it would require a levy of eight and one-half per cent. on the increased valuation. He also testified that the increase of two per cent. over the estimate made at the meeting of landowners was levied on all the lands, and that no change was made in the assessment of the Overstreet land after that meeting.

It will be observed that the sections of the statute just quoted do not provide for a revision or adjustment of the assessments at this meeting. They provide only that the estimates of the engineers and assessments of the assessors shall be laid before the landowners present together with "an estimate of the probable cost of said work and the probable rate per centum thereof on the valuation of said lands as increased by said work as will be necessary to pay for said work." So if the misrepresentation claimed to have been made by one of the directors at this meeting was in 'fact made, and if the levee district was bound by the statements of one of its directors, the statement could only be material in so far as it influenced appellants to vote in favor of building the levee; and, as their votes were not essential to the making of a majority of the landowners in favor of the improvement, the alleged misrepresentation could not affect the validity of the assessment.

But we can not accede to the contention that one of the directors could vitiate the assessment, otherwise valid, by a misrepresentation to one of the landowners at this meeting of the amount of his assessment. The final assessment and levy was not made or raised at this meeting, and the statement said to have been made by one of the directors was unauthorized and not binding on the district. The integrity of an assessment of taxes, either general or special, can not be impeached by the unauthorized misrepresentation of a public officer concerning the amount of the assessment.

A subsequent section of the statute is as follows:

"Sec. 4948. Said· board of assessors shall make an assessment of the cost of said work upon the lands situated in said district benefited by said work and reported to said meeting of landowners upon the value of said lands as increased by said work, and shall also make a list of said lands as assessed, showing the owners' names, the description of the land, the number of acres, the valuation thereof as increased by said work, and the amounts of the assessments thereon. Said assessors· and board of directors shall then go carefully over said list, descriptions and valuations, and make all necessary corrections in ·the description of the lands assessed, adding to said list any lands omitted and striking out any· lands improperly assessed. Notice

of the time and place of such revision shall be given by written or printed handbills posted in ten public places in said district for ten days prior thereto, at which time any person feeling himself aggrieved by said assessment may appear and have his complaint heard and considered by said board of directors. Said assessor shall make all alterations and corrections in said list ordered by the board, and shall then file the same in the clerk's office of the county court of such county, and shall also make a separate list thereof and deliver the same to the treasurer of the district, both of which lists shall be signed by the assessors; provided, for the purpose of ascertaining the correct description of any lands embraced in the district, said assessors and the owners of said land shall be governed by and subject to the provisions of section 6980." Kirby's Digest, § 4948.

It is shown that the meeting of the directors and assessors was held on September 19, 1904, pursuant to the foregoing requirement, and the assessments were finally adjusted and raised. Appellants did not attend this meeting, but, the notice thereof having been shown to have been given, they are chargeable with information thereof. If the alleged misrepresentation had been made by the directors, there would be much more reason for holding that the district was bound thereby as to the amount of the assessment, because this was the only opportunity afforded the landowners for protest against or readjustment of the assessment of his land. It is not claimed, however, that anything of the sort occurred at this meeting. Upon the whole, we think the chancellor was right in sustaining the assessment against the lands of appellants.

He erred, however, in refusing to give a decree for the ten per cent. penalty. The statute plainly provides that "if said assessments are not paid within thirty days, a penalty of ten per cent. shall at once attach for such delinquency, and said board of directors shall enforce the collection of the whole by chancery proceedings in a court of the county in which said lands are situated having chancery jurisdiction, and said court shall give judgment against the persons claiming to be the owners of the lands, if known to said board, for the amount of such assessment, and said penalty of ten per cent. and interest on said assessment from the end of said thirty days allowed for the collection thereof at

the rate of six per cent. per annum and the cost of the proceedings." Kirby's Digest, § 4954.

The decree of the chancellor is affirmed except in so far as the penalty of ten per cent. is denied; as to the penalty the decree is reversed, and the cause remanded with directions to enter a decree for the penalty as well as the amount of the assessments, interest and cost of the proceedings.