## DRIVER *v.* MOORE.

### Opinion delivered December 10, 1906.

1. PUBLIC DITCH—LOSS OF PETITION—PRESUMPTION.—While the filing of a petition for the establishment of a public ditch, signed by one or more persons whose property is to be affected by the proposed ditch and setting forth all the jurisdictional facts, is essential to the validity of the order establishing the ditch, yet where the order of the county court establishing the ditch recites that a petition was filed which complied with the law, it will be presumed, on subsequent loss of the petition, that it contained the necessary allegations. (Page 84.)

2. SAME—PRESUMPTION AS TO NOTICE.—Where the order of the county court establishing a public ditch recites that proper notice of the filing of the report of the viewers was given in apt time, this recital is taken as *prima facie* true, and casts upon one attacking the validity of the proceeding the burden of proving that the notice was not given. (Page 84.)

3. SAME—TIME FOR FILING VIEWERS' REPORT.—Sand. & H. Digest, § 1207, providing that viewers appointed to report upon the utility of the proposed public ditch shall "file their report with the clerk at least two weeks before the next regular meeting of the county court" after their appointment, is directory, and the time for filing such report may be extended by the county court. (Page 84.)

4. SAME—ALTERATION OF TERMINI.—An order establishing a public ditch is not invalid because it adopted the termini recommended by the viewers which altered the termini of the proposed ditch by shortening it at one end and lengthening it at the other, although neither the viewers' report nor the order of the court recites the reason for such alterations. (Page 85.)

5. SAME—CONCLUSIVENESS OF ASSESSMENT.—Under the statute providing that the viewers appointed to fix assessments on lands affected by a proposed ditch shall report the same to the county court, that the court shall confirm their report, that notice of the filing of the viewers' report shall be given, and that any landowner may appear and object to the assessment, an assessment when confirmed becomes conclusive, and can not be questioned collaterally. (Page 86.)

6. SAME—IRREGULARITIES.—A contract let for the construction of a public ditch is not invalid because the viewers made their final report one day in advance of the time fixed by the court, nor because no notice was given of the letting of the contract, nor because the contract was let *en masse,* instead of separate allotments. (Page 86.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*S. S. Semmes,* for appellant.

1. Strict conformity with the statute, in the three essential mandatory particulars required therein to be shown in the petition, is jurisdictional. 64 Ark. 118; *Ib.* 566. This being a special statutory proceeding contrary to the course of the common law, there can be no presumption of jurisdiction, but all necessary jurisdictional facts must appear from the record. 51 Ark. 42; 54 Ark. 642; 59 Ark. 487; 10 Ark. 316; 18 Wall. 371; 28 Gratt. 872; Black on Judgments, § 280; Freeman on Judgments, § 123; 15 Am. & Eng. Enc. Law (2 Ed.), 388; 17 *Ib.* 1079.

2. The statute with reference to giving notice of the pendency of the petition, etc., should be strictly complied with, and the burden of proving that such notice had been given was upon the appellee. 51 Ark. 41; 64 Ark. 569; 67 Ark. 43; 7 Am. & Eng. Enc. Law, 212; 15 *Id.* 365; 13 *Id.* 301. Proof of the nature of the notice, and of the time and mode of giving it, should affirmatively appear from the record. *Ubi supra;* 54 Ark. 627; 59 Ark. 483; 15 Am. & Eng. Enc. Law (2 Ed.), 371. It is competent in this nature of case, even on collateral attack, to introduce evidence to prove the time when the printed notices were actually posted up. 43 Ark. 232; 46 Ark. 155; 55 Ark. 284; 59 Ark. 487; Black on Judgments, § 282.

3. The statute requires the viewers to file their report at least two weeks before the next regular meeting of the county court after their appointment. There is no provision allowing the report to be filed at a later term.

4. The change in the ditch as established from the ditch as petitioned for rendered void the order establishing it. The provisions of the statute as to how the viewers shall locate the ditch are mandatory, and must be strictly complied with. S. & H. Digest, § 1207; *Ib.* § 1206; 59 Ark. 363; 64 Ark. 567; Kirby's Digest, § 1426; 75 Ill. 246; 49 Cal. 672; 12 Mich. 434; 31 O. 466; 44 N. H. 388; 25 Wend. 453; 71 Ark. 19; 15 Am. & Eng. Enc. Law (2 Ed.), 364.

5. The assessment was excessive, not being made in conformity with the statute. S. & H. Digest, § 1205; 54 O. St. 247.

6. The contract was void because no final report was made and filed by the viewers as required by statute, because no notice of the letting of the contract was given, and because the shares

or allotments of the construction of the ditch were let *en masse*
to one bidder.   S. & H. Digest, § § 1215, 1218.   And, if not
void in the first instance, it had expired before the construction
of the shares of the work allotted to appellant's land.   The
clerk was without authority to extend the completion of the
work for a longer period than sixty days.   He can not make re-
peated extensions of sixty days each.   S. & H. Digest, § 1219.

*J. T. Coston* and *Murphy, Coleman & Lewis,* for appellee.

1.   The allegations of the complaint, together with the order
itself, establishes a *prima facie* jurisdiction in the county court,
and the burden was upon the defendant to overthrow this *prima
facie* case by evidence of the jurisdictional defects alleged.
Kirby's Digest, § 6132; 51 Ark. 371; Sand. & H. Digest, § 1232.
Where the jurisdiction of a court of inferior jurisdiction is made
to depend on the existence of a particular fact, its decision with
reference to such fact, if it has jurisdiction of the parties, is as
conclusive upon collateral attack as the decision of a court of
general jurisdiction.   Compare Indiana statute on same subject;
100 Ind. 487; 145 Ill. 120; 213 Ill. 421; 95 N. W. 405; 90 N. W.
510; 77 Ind. 371; Freeman on Judgments, § 523; 75 Ind. 20;
77 Ind. 371; 24 How. 287; 47 Ark. 131.   See, also, 68 Ark. 376;
71 Ark. 20.

2.   On the question of notice: the recitals in the order are
*prima facie* evidence of the facts set forth, and it is settled that
the recitals in a judgment even of an inferior court are *prima
facie* true.   12 Enc. Pl. & Pr. 204; Freeman on Judgments, §
517; 3 Ia. 114; 34 Ill. App. 491; 3 Barb. (N. Y.), 623; 12 Wend.
(N. Y.), 102; 43 Ark. 230.   And the burden is on him who ques-
tions the court's jurisdiction to show that it did not have it.
71 Ark. 20; 68 Ark. 376; Kirby's Digest, § 6132; Sand. & H.
Digest, § 1232.   See also, 80 Ark. 462.

3.   Reasonable cause being shown why the viewers could
not report at the term immediately following their appointment,
an order was entered of record at that term directing them to re-
port at the next term, which was within the power of the court
to do.   The proceedings to this point were in a sense *ex parte.*
64 Ark. 569.   And appellants were not injured by the delay.

4.   The exact location of the starting point, route, or term-

inus of the ditch was work for the viewers, and was not intended
to be definitely described in the petition.   There is nothing in the
change of the ditch as established from the ditch as petitioned for
to render the proceedings invalid.   64 Ark. 555; 71 Ark. 20;
6 L. R. A. 161; 117 Mich. 463; 68 Mich. 625; 58 Wis. 461; 17
N. W. 389.   If aggrieved, appellant should have appealed from
the order of the county court within twenty days.   Having failed
therein, he is barred.   71 Ark. 28.

5.   The report of the viewers fixing the assessment on the
land, when confirmed by the county court, is *prima facie* evi-
dence of benefit.   70 Ark. 451; 68 Ark. 380; 78 Ark. 580; 80 Ark.
462.

The judgment of the county court that certain lands will be
benefited and fixing the amount of the assessment, if not cor-
rected by the mode pointed out in the statute, is conclusive, and
not subject to collateral attack.   92 N. W. 841; *Ib.* 852; 121
U. S. 535; 164 U. S. 113; 95 N. W. 405; 90 N. W. 510.

6.   The act of the viewers in meeting one day earlier than
the time specified by the court for the purpose of making their
report was a mere irregularity, in no sense jurisdictional, and not
available as an objection on collateral attack.   71 Ark. 17.   If
all the shares were let *en masse,* this would not necessarily defeat
a recovery.   116 Ind. 343.

7.   From the magnitude of the enterprise, the length of the
ditch, appellant's near proximity to it, the public agitation of the
proceedings, aside from the evidence of actual notice given as
required by law, he ought to be estopped to deny knowledge of
the proceedings and construction of the ditch, or to question the
validity of the judgment or the regularity of subsequent proceed-
ings thereunder.   124 Mich. 285; 31 Neb. 668; 94 N. W. 1076;
119 Ill. 504; 116 Ind. 343;   43 Ia. 477; 69 Mich. 484; 22
Neb. 437; 15 O. St. 64.

McCULLOCH, J.   This is a suit instituted in the chancery
court of Mississippi County by appellee, Claude H. Moore, as
contractor, against appellant, James D. Driver, to recover the
amount of an assessment levied on the lands of appellant for the
expense of a ditch, the construction of which was authorized by
an order made by the county court on petition of landowners.

Appellant resists the enforcement of said assessment on the

ground that the order of the county court authorizing the improvement was void on account of certain jurisdictional defects in the proceedings, and that appellee had no valid contract to construct the ditch.

It is contended by the appellant, in the first place, that the validity of the order of the county court is not shown because the petition to the court upon which the order was based is not exhibited in this suit, nor its contents proved, so that the court may determine whether or not it sets forth all the essential jurisdictional facts. In the complaint it is alleged that the petition has been lost, and that for that reason neither the original nor a copy thereof can be produced. No proof was made, either as to the loss of the petition or as to its contents, further than the recitals of the order of the county court. This court held in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Dudgeon*, 64 Ark. 109, that the filing of a petition, signed by one or more persons whose property is to be affected by the proposed ditch and setting forth all the jurisdictional facts, is essential to a valid order and judgment of the county court, but it has never been decided by this court that the subsequent loss of the petition would affect the validity of the proceedings. On the contrary, it has been several times decided that in proceedings of this character the judgment of the court containing recitals and findings of jurisdictional facts is presumed to be within the jurisdiction of the court and valid. *Stiewel* v. *Fencing District*, 71 Ark. 20; *Overstreet* v. *Levee District*, 80 Ark. 462; *Coleman* v. *Coleman*, *ante* p. 7; *Ritter* v. *Drainage District*, 78 Ark. 580.

It is also contended that notice of the filing of the report of the viewers was not given in apt time before the order of the county court was made authorizing the construction of the ditch and levying the assessment on lands. The order of the court recites that the notice was properly given in apt time, and this recital must be taken as *prima facie* true, and it casts upon one attacking the validity of the proceedings the burden of proving that the notice was not given. *Kansas City, P. & G. R. Co.* v. *Waterworks Imp. Dist.*, 68 Ark. 376; *Stiewel* v. *Fencing District, supra; Overstreet* v. *Levee District*, 80 Ark. 462; *Jonesboro, L. C. & E. Rd. Co.* v. *Board of Directors, etc.*, 80 Ark. 316.

Appellant introduced some proof tending to show that the

notice was not published the length of time prescribed by statute; but the testimony was conflicting, and we think it was insufficient, even if it was competent for that purpose, to overcome the presumption raised by the recitals of the record.

The statute authorizing the proceedings provides that the viewers shall "file their report with the clerk at least two weeks before the next regular meeting of the county court" after their appointment. Sand. & H. Digest, § 1207. In this instance the viewers were appointed at the April term, 1902, of the county court, and did not file their report at the July term, which was the next term, but an order was entered by the court at that term extending the time for filing the report until the October term to enable the viewers to have the necessary surveying done, and the report was filed in time for the October term. It is argued that this rendered the order of the court void. The provision for filing the report at the next term is not mandatory, but only directory. Notice of the proceedings is not required until the report of the viewers is filed, and up to that time the proceeding is *ex parte*. *Cribbs* v. *Benedict,* 64 Ark. 555. There is, therefore, no reason for holding that the provision in question is mandatory and affects in anywise the jurisdiction of the court to receive and act upon the report of viewers at a subsequent term.

The report of the viewers altered the termini of the proposed ditch by shortening it at one end and lengthening it at the other. This alteration did not, however, change the route so as to affect the lands of appellant, as it was situated between each of the terminal points. The extension reported by the viewers and adopted by the court was to ditch through Tyronza Lake so as to reach Tyronza River as an outlet, instead of stopping at Tyronza Lake as set forth in the original petition. According to the rule laid down by this court in *Cribbs* v. *Benedict, supra,* the alteration did not affect the validity of the final order of the court fixing the limits of the district. In that case the court said: "It was not intended that the petition should give any exact or definite description of the starting point, route or terminus of the ditch that should be constructed. That was the work of the viewers."

Moreover, the statute expressly provides that "when there is not sufficient fall in the length of the route described in the petition to drain the lands adjacent thereto, they (the viewers)

may extend the ditch below the outlet named in the petition far enough to obtain a sufficient fall and outlet." Sand. & H. Digest, § 1206. This clearly gives the viewers the power to extend the length of the ditch without affecting the validity of the original proceedings, and certainly it could not invalidate the proceedings to shorten the ditch at the starting point.

It is true that neither the report of the viewers nor the order of the court recites the reason for the extension of the ditch, but it is not essential to the validity of the proceeding that the reason should be stated. We must presume, in the absence of any showing to the contrary, that it was done for valid reasons.

Appellant next contends that the assessment levied on his land for expense of the improvement is excessive. He undertook to show by his own testimony, and that of other witnesses in support of this contention, that his lands received no benefit from the construction of the ditch. The report of the viewers fixing the assessments on the land affected by the proposed ditch, and the judgment of the county court confirming the same, established *prima facie* the benefit to the land and the regularity, fairness and equality of the assessments. *Matthews* v. *Kimball,* 70 Ark. 451; *Kansas City P. & G. R. Co.* v. *Waterworks Imp. Dist.,* 68 Ark. 380; *Ritter* v. *Drainage District,* 78 Ark. 580; *Overstreet* v. *Levee District,* 80 Ark. 462; *Jonesboro, L. C. & E. Rd. Co.* v. *Board of Directors,* 80 Ark. 316.

The statute requires notice to be given of the filing of the report of the viewers, which report contains the assessments against the lands found to be benefited, and provides that any landowner may appear and object to the assessment and appeal from an order of the court confirming it. Sand. & H. Digest, § § 1208, 1210. The assessment thus made by the viewers and confirmed by the court is conclusive, and can not be questioned collaterally. *Stanley* v. *Supervisors of Albany,* 121 U. S. 535.; *Fallbrook Irrigation Dist.* v. *Bradley,* 164 U. S. 113; *Oliver* v. *Monona Co.,* 117 Iowa, 43; *Stone* v. *Drainage District,* 118 Wis. 388.

The validity of appellee's contract for the construction of the ditch is attacked on the ground that the viewers made their final report one day in advance of the time fixed by the court, that there was no notice given of the letting of the contract, and be-

cause the contract was let *en masse,* instead of in separate allotments.   These are mere irregularities which do not affect the validity of the contract.   *Stiewel* v. *Fencing District, supra.*

Lastly, it is contended that the time for completion of the contract had expired by limitation before the construction of the work allotted to appellant's land and the contract became void. The expiration of the time did not avoid the contract.   It only afforded grounds for avoiding the contract, but no steps to do this were taken.   On the contrary, the clerk of the court made an indorsement on the contract, by order of the county court, extending the time for completion of the work.   The statute authorizes an extension of the time by the clerk for a period of sixty days, or that the clerk may relet the contract to some other persons. Sand. & H. Digest, § 1219.   Instead of reletting the contract, the clerk extended the time, and appellee completed the work under such extension.

Upon the whole, we find nothing in the record to justify the court in holding that the construction of the improvement was not properly authorized, or that the assessment on appellant's land was not legally levied.

So the decree is affirmed.