Benjamin et al. vs. Hobbs.

---

## BENJAMIN et al. vs. HOBBS.

1. CONTRACT: *Construction, etc.*
   The vendors of real estate, against whom an action of ejectment was pending at the time of the sale, conveyed the land to the vendee, with general and special covenants of warranty. The vendees paid a part of the purchase money, and executed their note for the residue, and the vendors executed to them a bond reciting the sale, the payment, and the pendency of the action of ejectment, and conditioned to become void if the action should be finally determined in their favor; or, in case it should be determined against them, if they should refund the purchase money so paid them: Held, that the bond was designed merely as a security for the cash payment, in case the vendor's title should fail; and, as to the deferred payment, that the vendees relied alone on the covenants contained in the deed.

2. PLEADING: *Defect of title.*
   A vendee who resists the payment of the purchase money on the ground of an outstanding title, must show the nature of the title, and that it is paramount to his vendor's title.

3. RESCISSION: *Must be entire.*
   If a vendee of land, who is placed in possession by his vendor, desires to rescind the contract on account of a defect in the title, he must restore the vendor possession.

APPEAL from *Pulaski* Chancery Court.

Hon. JOHN R. EAKIN, Chancellor.

*Benjamin & Barnes,* for appellants.

*Dodge & Johnson,* for appellee.

HARRISON, J.:

On the 24th day of February, 1870, Frederick S. Hobbs and Helen Hobbs, his wife, sold and conveyed to Mason W. Benjamin and William Manuel a half section of land for $3,200.

Benjamin and Manuel paid $1,600 of the purchase money in cash, and executed a note to Frederick S. Hobbs for the remainder, with ten per cent. interest from date, payable two years thereafter, and a lien on the land for the payment of the note was reserved in the deed.

Besides the statutory covenants implied in the use of the words "grant, bargain and sell," the deed also contained special covenants of *seizin in fee*, against incumbrances and for general warranty.

Benjamin and Manuel were let into possession, which they still retain.

At the time of the sale an action of ejectment was pending in the Pulaski Circuit Court against Hobbs and wife for the land; and, as an indemnity to them for the $1,600 paid in cash, Hobbs and wife executed to Benjamin and Manuel a mortgage on other lands, in which, after reciting the sale, the payment of the $1,600, and the pendency of the ejectment suit, it was provided as follows: "Now, if said suit, upon the final adjudication in said Circuit Court, and in the Supreme Court, if the same should be taken there, should be adjudged in favor of said Frederick S. Hobbs and Helen Hobbs, his wife, then this deed shall be void, * * * and if said suit of ejectment should be finally adjudged against said Frederick S. Hobbs and Helen Hobbs, his wife, and they shall pay, or cause to be paid to said Mason W. Benjamin and William Manuel the sum of $1,600, then this deed shall be void."

Final judgment in the ejectment suit was rendered in the Circuit Court in favor of defendants, on the 24th day of March, 1874, and no appeal has been taken therefrom.

Frederick S. Hobbs brought this suit against said Benjamin and Manuel to enforce the lien on the land reserved in the deed for the payment of the note.

The defendants claimed in their answer that it was the understanding and intention of the parties at the time of the sale and purchase of the land, and such the meaning and import of the instruments when construed together, that the note should not be paid, or, in other words, that the land should not be paid for unless upon the determination of the suit in the Circuit Court, or in the Supreme Court, if it should be taken there, the title of the vendors should be perfected by a final judgment in their favor, and that the title had not been so perfected; and averred that Frederick S. Hobbs, the plaintiff, was insolvent.

The plaintiff filed a demurrer to the answer, which was sustained, and a decree thereupon rendered in his favor for a foreclosure of the lien and a sale of the land.

The defendants appealed.

The appellants contend that the deed, note and mortgage are to be construed together as parts of one and the same transaction, and that, so taken, they show an intention of the parties that the mortgage should stand as an indemnity for the money paid, but that no more should be paid on the purchase until all danger from the pending suit was past by final adjudication in favor of the vendors in this court.

Clearly, the instruments should be construed as one entire contract, but the language of each is so distinct and certain, no construction can affect and change their plain and obvious meaning.

The mortgage was evidently intended as a security alone for the re-payment of the $1,600 paid in cash, if the vendors failed in the ejectment suit and lost the land, and had no relation whatever to the note given for the remainder of the purchase money.

Whatever may have been in their minds, and giving the instruments all the bearing on each other they possibly can have, it cannot be seen that the payment of the note was in any manner to depend upon the result of the pending litigation. It would have been so easy to have expressed that, when so much else was carefully guarded, its omission is conclusive to the mind that it was not designed. We may very reasonably suppose that the defendants chose to rely upon the covenants in their deed, which were full and specific. In fact, no incumbrance or defect of title is shown, and it is a well established rule that, if a vendee would resist the payment of the purchase money because of an outstanding title, he must show what it is, and that it is paramount to that of the vendor. A general expression that there may be, or that there is, a defect of title, is not sufficient. *Hoppes* v. *Cheek*, 21 Ark., 585 ; *Worthington* v. *Curd*, 22 Ark., 278 ; *Bolton* v. *Branch*, Ib., 235 ; *Walker* v. *Towns*, 23 Ark., 147.

As was said in this court in *Bolton* v. *Branch :* "If there are defects in the title the vendee must specify them and prove them, and they must be substantial and existing defects, not imaginary or rumored difficulties."

But having purchased with full knowledge of it, if a real defect in the title were shown, and because of it and the insolvency of the plaintiff, which would render a suit on the covenants in the deed unavailing, the defendants wish to rescind the contract, they must restore the possession of the land, which they make no offer to do ; for it must be rescinded entirely or not at all. They cannot be permitted to enjoy the property and refuse to pay for it.

The decree of the court below is affirmed.