## McGOWAN *v.* SMITH.

### Opinion delivered May 19, 1900.

SALE OF LAND—DEFENSE.—The answer of a vendee of land, resisting the
payment of the purchase money, to the effect that the vendor's tax title
is defective because there is a right of redemption in another, whose
interest the vendee has purchased, is insufficient if it fails to state facts
showing such right of redemption. (Page 217.)

Appeal· from Craighead Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

*Ed. L. Westbrooke,* for appellant.

Appellee should have conveyed appellant at least a market-
able title. 13 Ark. 423; 51 S. W. 69; 39 S. W. 842; 120 N.
Y. 253; S. C. 24 N. E. 195; Maupin, Marketable Titles, §§
283, 284. Appellant was entitled to a rescission. 27 Ark.
160; 31 Ark. 151; 60 *id.* 89; 17 *id.* 603; 17 *id.* 228; 20 *id.*
424; 21 *id.* 235; Maupin, Marketable Titles, §§ 219, 254, 256,
279. Upon the refusal of appellee to purchase the outstanding
title for the benefit of his vendee, the latter, having abandoned
possession, was entitled to purchase. 27 Ark. 61.

*J. C. Hawthorne,* for appellant.

The facts pleaded do not show the outstanding title pur-
chased to have been superior to plaintiff's tax title. The
burden of showing this was on appellant. 23 Ark. 147; 17
Ark. 228. Conceding that appellant purchased a paramount
title, he should not be allowed to profit by it. 27 Ark. 61; 27
Ark. 244; 20 Ark. 424; 23 Ark. 590; 31 Ark. 151; 40 Ark.
420; Maupin, Marketable Titles, § 202.

BUNN, C. J. On the 1st of November, 1894, the appellee,
Smith, sold to the appellant the land in controversy for the
sum of $275, payable in three annual installments, two for $92
each, and the third for $91, for which he took his three several
promissory notes, each bearing interest at the rate of six per

centum per annum from date until paid, and put the appellant in immediate possession, which the latter held until some time in August, 1897, making some improvements thereon in the meantime, and then abandoned the same to appellee, never having paid anything towards the satisfaction of said indebtedness.

In September, 1897, appellant purchased the outstanding title from the only heirs at law of Elizabeth Ballew, deceased, who appears to have been the original owner of said lands, having entered the same from the state under an act authorizing the sale of swamp and overflowed lands granted by the United States government to the state under the act of congress of September 28, 1850, and continued to own the same until sometime in the year 1883, when these lands were forfeited and sold to one Bennett for the non-payment of the taxes due thereon for the year 1882, and Elizabeth Ballew died without having redeemed the same from said forfeiture and sale. The appellant purchased from Word and Patterson, the only heirs of Elizabeth Ballew, in September, 1897, and at once took possession again, this time under this last purchase; said heirs in the meantime, to-wit, in June 1897, having, as such heirs, purchased said lands from the state land commissioner in right of the said Elizabeth Ballew, which carried with it the right of redemption from said tax sale, if any such right existed.     The appellee, Smith, purchased from Bennett, and held under him at the time of his sale to appellant in 1894, and made his deed to appellant just prior to or at the time of the institution of the suit.

The complaint set up the sale of the lands from appellee to appellant, and the taking of the promissory notes, and the putting of appellant in possession, and his refusal and failure to pay anything on the notes, and prayed judgment for the amount of the notes and for other relief.

The appellant (the defendant in the court below) answered, and subsequently filed an amended answer, which seems to have been a substitute for the original answer, and was so treated by both parties and the court.     This amended answer alleged that plaintiff had no title to the lands when he sold to defendant, and never had any title at any time.     It, however, sets up

that plaintiff held under said tax sale. And in said amended answer defendant asked that he, as the grantee of said heirs of Elizabeth Ballew, be allowed to redeem the lands from said tax sale of 1883, averring that they had but recently arrived at their majorities, and were not yet barred by statute in such cases made and provided, or language to that effect. Said amended answer, however, did not set up any objections to the regularity of said tax sale, nor did it state the date of the death of said Elizabeth Ballew. A demurrer was orally interposed to said amended answer, and was sustained by the chancellor; and, the defendant failing and refusing to answer over, the chancellor took testimony of the counsel for plaintiff and of the defendant, and decreed for plaintiff for want of an answer, and on said testimony; and defendant appealed.

This suit was instituted in the chancery court for the western district of Craighead county, for the recovery of the purchase money of land, and decree for the amount, and vendor's lien established, and order of sale. The only issue made is one of law raised by the demurrer to the amended answer. From what has been stated, it is evident that the said amended answer was not sufficient to constitute a defense, under the peculiar circumstances of the case. No legal objection was made or offered to be shown to the validity of the tax sale, in said amended answer, and the date of the death of the owner of said land—Elizabeth Ballew—is not shown; and, of course, it does not appear, therefore, that any right of redemption descended to said heirs, or that they had acquired any such right by purchase from the state in right of their said ancestor. It devolved upon defendant to show a superior title in himself to that of plaintiff under an unquestioned tax sale, there being no charge of fraud made against him. *Walker* v. *Towns*, 23 Ark. 147; *Desha* v. *Robinson*, 17 Ark. 228.

The chancellor allowed defendant credit of forty-five dollars, the amount he paid for the title of the heirs of Elizabeth Ballew, and rendered decree for the balance, amounting to the sum of $264.50, and declared the same to be a lien on the land, and ordered their sale by the clerk, as special commissioner, to satisfy the amount of the decree.

For reasons above given, the decree is affirmed.