JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY *v.*

BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT.

Opinion delivered October 22, 1906.

1. PLEADING—COMPLAINT DEFECTIVELY STATED—REMEDY.—A complaint, in a suit to collect delinquent levee taxes, which alleges in general terms that the lands were duly assessed and the taxes duly extended alleges a good cause of action in an imperfect manner, and such imperfections are waived unless taken advantage of by a motion to make more definite and certain. (Page 319.)

2. LEVEE DISTRICT—CONCLUSIVENESS OF RETURNS OF ELECTION.—Where the act creating a levee district provided that the returns of the annual election of the landowners should be made to the secretary of the board of directors, and that such officer, together with the president and treasurer, should canvass the returns, declare the result, and give notice thereof throughout the district, the certificate of these officers' and the record thereof made by the board of directors, being

records authorized in the line of their duties, were competent and *prima facie* evidence of the facts therein recited.  (Page 319.)

3.  LEVEE TAX—LIEN ON RAILROAD.—Although the statutes authorize the assessment of railroad property by the mile for levee purposes, it was proper that a decree for the tax, penalty, costs, etc., should be made a lien upon the entire railroad as a unit, ordering a sale by commissioners in the event of failure to pay.  (Page 320.)

Appeal from Craighead Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*E. F. Brown* and *Randolph & Randolph,* for appellant.

1.  The several acts of the Legislature in regard to the St. Francis Levee District are private acts, or local and special legislation under § 25, art. 5, Const., where a general law can not be made to answer the purpose.  59 Ark. 513, 529, 530. The courts take judicial notice of them for the purpose of their local administration (19 Ark. 630; 23 *Id.* 387), yet they are not public laws.  1 Vent. 175; 1 Kent, Com. *pp. 459, 460; 2 John. (N. Y.), 263; 8 *Id.* 520; 21 N. Y. 206; Sedg. St. & Const. Law, ch. 2, *pp. 30-36; Potter's Dwarris on Stat. ch. 2, p. 52-7; 71 Ark. 174; 1 Head, 77; Pom. Eq. Jur. § 849.  This suit depends on these acts (Nos. 75 and 100, Acts 1893; act No. 71 of 1895 and No. 61 of 1903, etc.), and the complaint must show a substantial compliance with these acts.  This it fails to do.  Further proof fails to establish the material facts denied in the answer. The court erred in not dismissing the suit.  Cooley on Tax. (1 Ed.), ch. 20, 416-418; 64 Ark. 108, 111.  The complaint fails to show that a meeting of the landowners was held; that the five-mill tax was voted; directors and clerks sworn, returns made, canvassed and declared, etc., as required by the law.  Acts 1893, § 7; Acts 1903, § 1, etc.  All these must be alleged and proved, as they were denied.  28 Ark. 360; 64 *Id.* 108, 110, 111; 59 *Id.* 483; 48 *Id.* 151; 50 *Id.* 390; 60 *Id.* 369; 54 *Id.* 627; 51 *Id.* 34; 52 *Id.* 312; 2 Wall. 318; 16 How. 619; 139 U. S. 147; 34 Fed. 71; 59 Ark. 344.  The copy of the record of the levee board was not sufficient, and was incompetent.  71 Ark. 174; 34 Fed. 701; 140 U. S. 634.  The poll books and returns were the best evidence.  41 Ark. 111, 130 *et seq.;* 55 *Id.* 12; 71 *Id.* 174, etc.  But the vote did not authorize a levy of

more than two per cent. on the betterment of the lands protected, etc.; the vote was void.   Cooley, Const. Lim. (6 Ed.), ch. 8, p. 268-9.   The certificate of the officers could not prove the necessary facts.   8 Md. 352; 50 Ark. 116; 59 *Id.* 344, etc.

2.   It was unlawful to assess all the railroads at the same value *per mile,* and to assess twenty-two miles of a railroad without designating which twenty-two miles.   A section of a railroad can not be sold for taxes.   Elliott, Roads & Streets (2 Ed.), § 597; 50 Ark. 484; 62 *Id.* 192; 88 S. W. 1005; Cooley, Tax. (1 Ed.), ch. 12, p. 283; 4 Hill (N. Y.), 92; 132 Fed. 668.   The whole railroad must be sold or none.   68 Ark. 377; 109 Fed. 931, 938.

*H. F. Roleson,* for appellee.

1.   No demurrer was filed, and no question raised as to the sufficiency of the complaint.   It is too late to complain of the defect, the only question being whether the allegations are sustained by the testimony.   30 Ark. 25; 55 *Id.* 213.   In 64 Ark. 108 a demurrer was filed.   An answer waives all objections to a cause of action defectively stated.   The complaint will be treated as amended to meet the proof.   59 Ark. 215; 67 *Id.* 426.

2.   Every step necessary to the levy and collection of the tax was shown by the evidence.   The act provides these facts shall be shown by the records and certificates of the officers of the board.   This was done.

3.   The act authorized an assessment of railroads per mile.

*E. F. Brown* and *Randolph & Randolph,* for appellee in reply.

A cause of action must be stated in the complaint.   No demurrer or other pleading necessary.   41 Ark. 44; 68 *Id.* 263; 58 *Id.* 39; 66 *Id.* 113; 32 *Id.* 449; 38 *Id.* 401; 46 *Id.* 96.

McCulloch, J.   The Board of Directors of St. Francis Levee District brought this suit in chancery against the Jonesboro, Lake City & Eastern Railroad Company, and other delinquent taxpayers in Craighead County, to enforce payment of the levee tax due for the year 1903 on the land of the delinquent named as defendants in the complaint.

The appellant appeared in the suit and filed its answer contesting the right of appellee to collect the levee tax, and from a decree in favor of the plaintiff appeals to this court.

It is contended that appellee has not sufficiently alleged in the complaint, nor established by proof, its right to levy and collect the tax assessment claimed in the complaint. The particular defect in the complaint relied on by appellant seems to be that it contains no specific allegation that before the assessments were levied on lands in the district an election by landowners was held, pursuant to the act of the General Assembly creating the district, and that at such election a majority of the landowners was present and voted in favor of the project. The complaint does allege, in general terms, that the lands were duly assessed as provided by the act of the General Assembly, and that the taxes were duly extended. This was a statement—imperfect, perhaps—of a good cause of action. It was not questioned by demurrer or otherwise, and was sufficient to warrant a decree. The statute authorizes the Board of Directors of St. Francis Levee District to maintain suits in the chancery courts of the respective counties in the district for the enforcement of delinquent levee taxes, and provides that such suits "shall be conducted in accordance with the practice and proceedings of chancery courts in this State except as herein otherwise provided." Now, the distinction is plain between a complaint which wholly fails to state a cause of action and one which imperfectly states a cause of action. The former will not, whether challenged by demurrer or not, authorize a judgment of the court, whereas the imperfections of the latter are waived unless taken advantage of by a motion to make more definite and certain. *Choctaw, O. & G. Rd. Co.* v. *Doughty,* 77 Ark. 1; *Fordyce* v. *Merrill,* 49 Ark. 277; *Murrell* v. *Henry,* 70 Ark. 161.

Counsel for appellant rely upon *St. Louis, I. M. & So. Ry. Co.* v. *Dudgeon,* 64 Ark. 108; but in that case the sufficiency of the complaint was challenged in apt time by demurrer, and the defendant rested upon the demurrer, without pleading over. The case at bar is different.

The only testimony introduced by appellee to show that the meeting of the landowners had been held, and that a majority of the landowners were present at the meetings in the several coun-

ties and voted in favor of assessing the lands annually, was the record of the board of directors containing a certificate or report of the president, secretary and treasurer showing that they had canvassed the returns of said election, giving in detail the vote on the question in each county, and that a majority of the land-owners had attended. The act creating the levee district provides that the return of this election shall be made to the secretary of the board, and that that officer, together with the president and treasurer, shall canvass the returns, declare the result and give notice thereof throughout the district. The certificate of these officers and the record thereof made by the board of directors, being records authorized in the line of their duties, were competent and *prima facie* evidence of the facts therein recited. *Overstreet* v. *Levee District, post* p. 462.

The regularity and validity of the assessments, and the competency of the testimony establishing same, are in other respects questioned by appellant, but we find that the record evidence introduced by appellee at the hearing below was sufficient to establish, *prima facie,* the validity of the assessments in accordance with the statute.

The question of the competency of such testimony is controlled by the recent decision of this court cited above.

The statutes authorize the assessment of railroad property by the mile for levee purposes in this district. This was done. The court below rendered a decree for the amount of the tax, penalty, costs, etc., and declared the same a lien on the road as a unit, ordering a sale by commissioners in the event of failure to pay. That was correct.

This court in *Kansas City, P. & G. Rd. Co.* v. *Waterworks Imp. Dist.,* 68 Ark. 376 said: "There is no authority to sell a section of the right of way of a railroad, although a lien is declared thereon for the assessment. Elliott says (§ 791) that it is the general rule 'that where the statute specially provides a remedy for the enforcement of the assessment, that remedy must be pursued; but if a right be given, and no remedy prescribed, the courts will usually provide the appropriate remedy.' Whether we term this assessment a debt against the railroad *in personam,* or only *in rem* against the particular property, it can only be col-

lected against the road as a unit; that is, against the whole road within the State."

Decree affirmed.