ABRAHAM *v.* HATCHETT.

## Opinion delivered March 5, 1917.

1. EJECTMENT—IMPROVEMENTS.—Color of title, as well as good faith, is necessary to entitle an occupant of lands to compensation for the improvements made by him.
2. COLOR OF TITLE—DEFINITION.—"Color of title" defined as that which in appearance is title, but which in reality is not.
3. COLOR OF TITLE—VOID CERTIFICATE OF HOMESTEAD ENTRY.—A void certificate of homestead entry constitutes color of title.
4. EJECTMENT—IMPROVEMENTS—VALUE.—The amount that the loser in an action in ejectment may recover for improvements made by him is the difference between the value of the land without the improvements and its value with the improvements in their then condition.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*O. D. Longstreth* and *E. R. Parham,* for appellant.

1.   There was no evidence to justify a verdict for $350 for improvements. 71 Ark. 605. The measure of value is the enhanced value of the land and not the cost. 92 Ark. 190.

2.   Defendants had no "color of title" to sustain the claim for improvements. 120 Ark. 620; 47 Ark. 528; 42 *Id.* 118; 8 Pac. 818, 820. An invalid certificate of homestead entry does not constitute color of title. 84 Ark. 316; 84 S. W. 224; 1 Cyc. 1030-1; 92 Ark. 184; 41 Pac. 357.

3.   Betterments are only allowed to one who believes himself honestly to be the owner, and is ignorant of outstanding better rights. 45 Ark. 410; 48 *Id.* 183; 92 *Id.* 184.

*Bratton & Bratton,* for appellees.

Appellant has failed to comply with rule 9 of this court and the judgment should be affirmed. 104 Ark. 375; 103 *Id.* 430; 101 *Id.* 207; 74 *Id.* 322; 89 *Id.* 351; 88 *Id.* 450.

HART, J.   This is an action of ejectment instituted in the circuit court by J. T. Abraham against Doc Hatchett, Jr., and Doc Hatchett, Sr., to recover two hundred acres of land.

The defendants admitted that the plaintiff had title to the land but they claimed to be in possession of it under "color of title" by virtue of a homestead certificate and claimed judgment for improvements to the amount of $479.50. On the trial of the case it was shown that the defendants filed their homestead application in the United States Land Office at Little Rock, Arkansas, on February 1, 1911, and paid the fees therefor. A certificate of homestead entry by the United States Government was issued to them. Afterward, it was ascertained that the lands had been previously granted to the State of Arkansas, for the benefit of the Little Rock and Fort Smith Railroad Company, and the United States Land Department having discovered this fact, held that the lands were not within its jurisdiction at the time of the homestead entry of the defendant, and the same was canceled.

The defendants made certain improvements on the lands during the time they were in possession of them and testified to the value of these improvements.

Judgment was rendered in favor of the plaintiff for the possession of the land, but it was further adjudged that no writ of possession be issued in his favor until he should pay to the defendants the sum of $300, the value of the improvements in excess of the rental value of the land as found by the jury. It was further provided that the defendants should have a lien on the land for said amount. The plaintiff has appealed.

(1-2) It is first contended that the certificate of homestead entry was not sufficient to constitute "color of title" in the defendants. "Color of title," as well as good faith, is made necessary to entitle an occupant of lands to compensation for improvements made by him. *Beasley* v. *Equitable Securities Co.*, 72 Ark. 601; *Bloom* v. *Strauss*, 70 Ark. 483; *White* v. *Stokes*, 67 Ark. 184; *Beard* v. *Dansby*, 48 Ark. 183; *Nunn* v. *Lynch*, 89 Ark. 41. It is also apparent from those authorities that the words, "color of title," had received a judicial interpretation at the time our Betterment Act was passed. They have

been generally defined as "that which in appearance is title, but which in reality is not title."

In *Whitcomb* v. *Provost,* 78 N. W. 432, the Supreme Court of Wisconsin decided that a holding under an invalid certificate of homestead entry is not "color of title" so as to entitle the defendant in ejectment to recover for improvements. We do not think that case and others of similar character are authority for so holding in this State. Under our statute a plaintiff claiming possession of land under an entry made with the register and receiver of the proper land office of the United States may maintain an action for the recovery of the lands. Kirby's Digest, Sec. 2738.

The certificate issued by the agents of the proper land office to an applicant for a homestead entry entitles the holder of the certificate to take possession of the land and make improvements upon it. It is true the certificate of entry only gives him an inchoate equitable title subject to be defeated by noncompliance with the provisions of the act of Congress or to be canceled for cause, but under the liberal provisions of our statutes, the person holding the certificate may maintain ejectment for possession of the land against one having no better title or right of possession. *Gaither* v. *Lawson,* 31 Ark. 279.

(3) While our Betterment Act was passed many years after our ejectment statute, yet the former was passed with a knowledge of the existence of the latter statute and with reference to its provisions. While the certificate of homestead entry did not invest the holder with the legal title, it was sufficient, under our statute, to enable him to maintain or resist ejectment. The receiver's receipt and the certificate of entry gives to the holder the immediate right to the possession of the land with the power to oust any intruder by an action of ejectment. When the applicant has paid his money and taken the receipt, he has done all in his power, and the land from that time is reserved from entry. It is true the certificate is liable to be canceled by the government in case the sale was improperly made, but such would

be the case if a patent had been issued. Either a certificate or patent may be recalled or canceled in case the government has previously sold the land. But we think that when our ejectment and betterment statutes are construed together, it was the evident intention of the Legislature to make a certificate of homestead entry "color of title" and the circuit court property so held. As bearing on the question, see *Cawley* v. *Johnson,* 21 Fed. Rep. 492, and *Hannibal & St. Joe Railroad Co.* v. *Clark,* 68 Mo. 371.

The court, however, erred in allowing the defendants the cost of the improvements placed by them on the land. In considering the question of how the value of improvements are determined, in *McDonald* v. *Rankin,* 92 Ark. 173, the court said:

"The value thereof is based upon the enhanced value which these improvements at the time of recovery impart to the land. But such enhanced value of the land should arise solely by reason of the improvements themselves, and should be determined only by the ordinary considerations that would apply to lands that are similarly situated. The condition of the improvements at the time of the recovery should be taken into consideration. The difference between the value of the land without the improvements and the value of the land with the improvements in their then condition would be a just sum to allow therefor. In any event, no value that the land might impart to the improvements should be considered in estimating the value of such improvements. The reasonable cost in making the improvements, their deterioration, if any, or the reasonable cost of making them at the time of the recovery in their then condition, may well be taken into consideration in arriving at the value of such improvements."

For the error in determining the measure of the value of the improvements, the judgment will be reversed and the cause remanded for a new trial.