TUCKER *v.* MERONEY.

Opinion delivered November 17, 1930.

682

R. W. Wilson and Danaher & Danaher, for appellant.

A. J. Johnson, for appellee.

HART, C. J. This appeal is prosecuted by J. G. Tucker to reverse a judgment dismissing his complaint in a contested election case.

J. G. Tucker and T. M. Meroney were rival candidates for the nomination of sheriff of Lincoln County in the Democratic primary election held on the 12th day of August, 1930. The Democratic Central Committee duly canvassed the returns, and found that T. M. Meroney had received 932 votes and that J. G. Tucker had received 924 votes. The committee declared that T. M. Meroney had received a majority of the votes cast at the election, and the certificate of nomination was issued to him. The record shows that the collector did not file with the county clerk a list of poll taxpayers, duly authenticated by his affidavit as required by § 3740 of Crawford & Moses' Digest, and this fact is conceded by the contestant. The record also shows that 36 votes were cast in the manner provided in § 3777 of the Digest by persons who have attained the age of twenty-one years since the time of assessing taxes next preceding the election, and that of these votes twenty-six were cast for Tucker and ten for Meroney.

It is the contention of counsel for appellant that these were the only legal votes cast, and that, inasmuch as a majority of them were cast for Tucker, he should have been declared the nominee, and that the certificate of nomination should have been issued to him. We do not agree with contestant in this contention. The official

returns of the election are *quasi* records, and are *prima facie* correct. The burden is upon the contestant to show by affirmative proof that they do not speak the truth. *Powell* v. *Holman,* 50 Ark. 85, 6 S. W. 505; *Webb* v. *Bowden,* 124 Ark. 244, 187 S. W. 461; and *Craig* v. *Sims,* 160 Ark. 269, 255 S. W. 1.

These returns may be impeached by any competent evidence showing that they are not true. In *Brown* v. *Nisler,* 179 Ark. 178, 15 S. W. (2d) 314, it was held that the requirement of § 3777 of the Digest that no person offering to vote in a primary election shall be allowed to vote unless his name appears in the printed list of poll tax payers, required by § 3740, or unless he exhibits a poll tax receipt, or establishes that he has attained his majority since the last assessing time, is mandatory, and that its provisions must be substantially complied with. Bearing in mind that the official returns are *quasi* records and stand with all the force of presumptive regularity as held in the cases cited above until overcome by competent evidence, it will be readily seen that the contestant has not made out his case. All the ballots cast by the voters and returned by the proper officers are presumptively legal, and their verity is not impeached by showing that contestant received a majority of the votes cast by persons who had become of age since the last assessing time. In order to succeed, he must prove that he received a majority of all the legal ballots cast at the election.

The next contention is that 203 illegal votes were cast at the election, and that, if they are thrown out, the contestant would have a majority of the legal votes cast at the election. The basis of this contention is that 203 votes were cast at the election by persons who had been assessed for poll taxes since the regular assessing time by the assessor under provisions of act 172 of the Acts of 1929 (Acts of 1929, Vol. 2, p. 841), and that such votes are illegal because these voters did not proceed as directed by § 3738 of the Digest by applying to the county clerk to have their names included in the list of voters

of the collector as additions of omitted names. Appellant cannot prevail in this contention for two reasons. If it should be said that the act of 1929 referred to is inconsistent with and repugnant to § 3738 of the Digest, then § 3738 is repealed by implication and the 203 votes are legal because the names were added by the compliance of the assessor with the provisions of said act 172 of the Acts of 1929.

On the other hand, if it be said that the provisions of act 172 are not inconsistent with or repugnant to the provisions of § 3738 of the Digest, then both provisions stand and are supplementary to each other. Two methods would be provided for placing the names of the voters, omitted by the assessor in his regular period of time for assessing persons and property on the list to be authenticated by the collector under the provisions of § 3740 of the Digest. Under the act of 1929 above referred to, it became the duty of the assessor to place the names of omitted persons on the list to be furnished the collector; and under § 3748, if the assessor failed to perform this duty, the voter himself, under the provisions of § 3738, might still go before the county clerk and have his name placed on the list to be given to the collector.

Hence there is no evidence in the record that tends to impeach the returns of the election and the certificate of nomination issued to appellee. Therefore the judgment will be affirmed.