CONNELLEY v. VESTER.

4-2857

Opinion delivered October 31, 1932.

*Rhyne & Shaw* and *Cochran & Arnett,* for appellant.
*W. L. Kincannon, B. F. Donathan* and *G. L. Grant,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that they appeal only from the judgment of the circuit court overruling their demurrers, and denying their motions to dismiss the complaints because of the lack of jurisdiction of the court to hear and determine the contests, since it was shown no legal list of the qualified electors had been furnished the officials for use in holding the primary election as the law required, nor had any special list of the voters been made by the judges and clerks of those voting whose names did not appear upon a legal list of voters.

The court erroneously held that the printed list furnished the officials holding the primary election was a substantial compliance with the law relating thereto, but, if no official list had been furnished, or even if no list had been furnished at all for use by the officials in the conduct of the election, it would not have invalidated such

election, otherwise regularly held, nor destroyed the jurisdiction of the court to hear and determine contests arising out of such election. *Morrow* v. *Strait, ante* p. 384.

The court's latest pronouncement on the subject appears in *Morrow* v. *Strait, supra,* wherein it is held that the official returns of the election are *prima facie* correct, are *quasi* records standing with all the force of presumptive regularity until overcome by competent evidence, and the burden of showing that they are not correct rests upon the person who alleges that fact, as was held in *Tucker* v. *Meroney,* 182 Ark. 681, 32 S. W. (2d) 631.

In *Morrow* v. *Strait, supra,* it was further said:

"The official list of voters, which § 3740, Crawford & Moses' Digest, as amended by the act of 1921, *supra,* requires the collector and county clerk to prepare, is not evidence of an elector's right to vote unless the list has been authenticated by the affidavit of the collector in person. The list of voters which the county clerk is required by § 3740, Crawford & Moses' Digest, to have printed can be made only from a list verified by the affidavit of the collector and thereafter filed with the county clerk. But it must be first authenticated by the affidavit of the collector, and the county clerk has no authority to copy the printed list unless and until it is so authenticated. *Cain* v. *McGregor,* 182 Ark. 633, 32 S. W. (2d) 319.

"Therefore any list of voters, not based upon an authenticated list filed with the county clerk by the collector, furnishes no evidence of the possession of a poll tax receipt, although the list has been certified by the clerk."

The court did not err in overruling the motion to dismiss the complaint, and, since the official returns of the election are *quasi* records and stand with all the force of presumptive regularity until overcome by competent evidence, all the ballots cast by the voters and returned by the proper officials are presumptively regular, in order to succeed, the contestant must prove that he received a majority of all the legal ballots cast at the election, and the court's action in declaring the appellee

regularly nominated is not here for review, not being appealed from.

The judgment is accordingly affirmed.