WASSELL *v.* SPRICK.

4-7648                                      185 S. W. 2d 939

Opinion delivered March 5, 1945.

244

*June P. Wooten*, for appellant.

*E. R. Parham, Jack Holt, J. Frank Holt* and *Henry E. Spitzberg,* for appellee.

McHANEY, J. Appellant and appellee were opposing candidates for nomination to the office of mayor of the city of Little Rock in the democratic city primary election held on December 5, 1944. The Democratic City Committee met and canvassed the returns of said election on the next day, December 6, and found that Sprick had received 3,923 votes and Wassell 3,805 votes, or a majority for Sprick of 118 votes, and he was declared to be the nominee and his name was certified to the Board of Election Commissioners for the purpose of having his name printed upon the ballots as such nominee at the general city election to be held on April 3, 1945.

On December 15, 1944, appellant filed his complaint in the Circuit Court to contest the nomination of appellee. In his complaint, third amendment, he charged "that many votes were cast at said primary election and counted for defendant Sprick by persons who were not electors of the City of Little Rock, among whom were the following: (listing 173 names)." Also that "many persons voted at said primary election and their votes counted for defendant Sprick who were not electors in

the wards in which they cast their votes." (114 names.) Appellant's abstract. Appellee joined issue on the above charges and filed a cross-complaint making similar allegations regarding persons voting for appellant who were not qualified electors of the city.

On February 8, 1945, the parties announced ready for trial. It was stipulated that the printed list of poll taxpayers, properly certified by the collector and clerk, and exhibited in evidence is what it purports to be and that copies thereof were distributed to the judges and clerks at said election. Appellant's witness, W. B. Holman, testified that he was employed by appellant to aid him in going over the records of the election to obtain material on which to base a contest; that he and his assistants examined the original clerk's registers of voters at the election, made copies thereof and prepared a list of names for use of appellant. The list was handed him by counsel and he was asked this question: "Q. I will ask you, are the names set forth therein, with the exceptions I noted there, were you able to find those names, with the exception I will note later, were you able to find any of those names upon the printed list?" Appellee objected to the question and, after considerable argument between counsel for both parties and the court, the objection was sustained. Counsel for appellant stated what he offered to prove by the witness as follows: "Mr. Wooten: We offer to prove by this witness that the names listed under the heading 'that many votes were cast at said primary election and counted for defendant Dan T. Sprick by persons who were not electors of said City of Little Rock, Arkansas, among whom were the following:' Then follows the list. We offer to prove by this witness that the names of the ones on that list, with the exceptions I shall read later, are not upon the printed list. (The attorney then stated they would also offer to prove by the witness that certain of the names were on the printed list, but show on the registers that they lived in different townships, and named them; also that others who were shown on the list as living in Little Rock were not actual residents of the city.)" Appellant declined to offer further proof and his action was dismissed.

The question for decision is: Did the court err in refusing to permit appellant to prove that the names of persons on the list handed the witness and who had voted in said election were not on the official printed list of poll taxpayers, under the allegation first set out above that many votes were cast and counted for Sprick "who were not electors of the City of Little Rock"? We think the court erred in refusing the offered testimony.

Section 4745 of Pope's Digest provides that no person shall be allowed to vote in any legal primary election who does not exhibit a poll tax receipt, or other evidence that he has paid his poll tax within the time prescribed by law. The "other evidence" shall be: (a) a certified copy of such receipt; (b) or his name shall appear on the certified list as provided by § 4696; (c) or if such person is a first voter, having come of age since last assessing time, he shall file with the election judges an affidavit in writing establishing that fact. Said section contains other provisions not pertinent here and concludes as follows: "In any contest arising upon any election held under this act, it shall be a ground of rejection of any ballot cast by an elector, whose name (a) does not appear upon the certified list of poll taxpayers; or (b) who has not filed with the judges of election his original or certified copy of poll tax receipt, or written affidavit of the attainment of his majority; or (c) if such original or certified copy of such poll tax receipt or written affidavit has not been returned by the judges of election; or (d) the name of such person listed separately and certified as required by this act." Under that section, the fact that a voter's name does not appear on the official printed list of poll taxpayers is *prima facie* evidence that he is not a qualified elector. It is not conclusive evidence thereof, nor is the presence of his name thereon conclusive that he is a qualified elector, as he may not vote unless he. is otherwise qualified. We so held in *Wilson* v. *Luck*, 203 Ark. 377, 156 S. W. 2d 795, where we also held, to quote a headnote: "Section 4696 of Pope's Digest means that *prima facie* those persons whose names appear on the printed list of voters are the only persons entitled to vote; persons whose names do not appear on the printed list must

furnish evidence of their eligibility to vote." See, also, same case, 201 Ark. 594, 146 S. W. 2d 696. In *Taffe* v. *Sanderson,* 173 Ark. 970, 294 S. W. 74, we held that "voters at the election who did not appear on such list, and whose vote was not accompanied by the other. evidence required by law of the qualification of the voter, were not qualified electors" in an election contest.

In *Hargis* v. *Hall,* 196 Ark. 878, 120 S. W. 2d 335, we held that names on an initiative petition which were not on the official poll tax lists were *prima facie* not qualified electors and "that the official poll tax lists, as certified by the collector and county clerk contain, *prima facie,* the names of all persons who are eligible to vote." Citing *Taffe* v. *Sanderson, supra.* In *Purdy* v. *Glover,* 199 Ark. 63, 132 S. W. 2d 821, an election contest case, we said: "The court did not err in placing the burden of proof upon appellants (contestees) to show qualifications of voters whose names did not appear on the official list for Boas township. The record, as we construe it, shows that all of Hoxie was within the township in question, although the town did not include all of the territorial areas of the township. The official list of poll taxpayers for Boas township was admissible to show, *prima facie,* what names constituted the electorate. *Hargis* v. *Hall, Secretary of State,* 196 Ark. 878, 120 S. W. 2d 335, and cases there cited."

It will, therefore, be seen that we have already held that evidence showing that certain named voters do not appear on the printed list makes a *prima facie* case that such votes are illegal and that the burden shifts to the contestee to show that they are legal by "other evidence" mentioned in the statute. But, says appellee, we have many times held that the returns of the election officials are presumptively correct and that said presumption should not be overcome by the mere showing that the names do not appear on the printed list. We have held that a presumption of verity attaches to the returns of the election officials, but we have also held in *Purdy* v. *Glover, supra,* that proof that the names of certain challenged voters do not appear on said list makes a *prima*

*facie* case of the illegality of such votes and that the burden then shifts to the contestee to show their legality as provided by said statute, thus holding, in effect, that the presumption of verity of the returns has been overcome. *Wilson* v. *Luck,* 203 Ark. 377, 156 S. W. 2d 795.

Appellee also says that the allegation in the complaint, the first quoted above, that many votes were cast and counted for appellee by persons who were not qualified electors was insufficient to support proof that they were not found on the printed list. We think it is, but conceding that it was indefinite and uncertain in this respect, a motion to make more definite and certain would have reached the defect, and appellant could have amended by stating that they were not qualified electors because their names did not appear on the printed list. But no such motion was made. The same allegation appears in appellee's cross-complaint.

So we conclude that the offered evidence was competent to show that certain persons voted at said election whose names were not on the official list of poll tax payers, and who were not *prima facie* qualified electors, or entitled to vote, and that the burden was then on appellee to overcome the *prima facie* case by the "other evidence" mentioned in the statute.

The judgment is accordingly reversed and the cause remanded for further proceedings, and an immediate mandate is hereby ordered.