CARRICK *v.* GORMAN.

5-2240                                                     340 S. W. 2d 377

Opinion delivered November 14, 1960.

[Rehearing denied December 19, 1960.]

*Rolland A. Bradley,* for appellant.

*Clark, Clark & Clark,* for appellee.

GEORGE ROSE SMITH, J. In the summer of 1959 the appellants, a retired school teacher and his wife, came to Arkansas with the thought of buying a farm or business with their savings. On July 25 they executed a contract by which they agreed to buy the Bachelor Hotel in Conway from the appellee Gorman for $85,000, with $8,500 being paid in cash and the remainder being payable one month later. The contract required Gorman to furnish good title to the premises.

After signing the contract the Carricks went back to Colorado to arrange for the sale of their home. They returned to Conway about the middle of August and assumed the possession and control of the hotel. The sale was not consummated on August 25, as expected, because the Car-

ricks were still trying to raise the rest of the purchase money. In the latter part of September, with the sale still awaiting completion, the Carricks made up their minds that they had been defrauded. They abandoned the hotel and went back to Colorado.

This suit was brought by Gorman, to enforce a demand note assertedly given by the Carricks for the unpaid purchase price. (The Carricks say the note was merely tentative, being dependent upon the due completion of the sale.) The defendants filed an answer and cross complaint seeking a rescission of the contract and a recovery of their down payment and of certain expenditures for the improvement of the hotel. Gorman's real estate agent, who had received the down payment, was brought in as a third party defendant.

At the trial Gorman introduced the demand note and rested his case. The Carricks assumed the burden of going forward with the evidence and introduced proof in support of their answer and cross complaint. When the Carricks reached the close of their case Gorman undertook to file a demurrer to their evidence. This demurrer was sustained by the chancellor, upon the theory that the Carricks had offered no substantial competent evidence to sustain their position. *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225. This appeal is from a decree dismissing the cross complaint and foreclosing Gorman's lien.

The appellants are right in contending that Gorman was not entitled to file a demurrer to the evidence. In the absence of a statute our practice does not recognize that particular pleading. *Kelley* v. *Northern Ohio Co.,* 210 Ark. 355, 196 S. W. 2d 235. Our only statute upon the subject provides: "Upon the closing of plaintiff's or moving party's proof and an announcement by plaintiff or moving party to that effect, ... the defendant, or defendants, may file a written motion challenging the sufficiency of the evidence ..." Ark. Stats. 1947, § 27-1729.

The statute refers only to the situation at the close of the plaintiff's or moving party's proof. We need not speculate whether the defendant might be regarded as the

moving party if he filed a pleading confessing the plaintiff's whole cause of action and thereby assumed the true burden of proof rather than the mere burden of going forward with the evidence. Here the Carricks denied the validity of the note sued upon. The plaintiff Gorman was therefore compelled to offer proof of his cause of action, which he did by introducing the note. In response to that proof the defendants presented testimony to show that the note was given merely for accommodation, as well as evidence supporting their cross complaint for rescission. Neither the restricted language of the statute nor its basic intent can be regarded as allowing the plaintiff to test the defendant's proof when both parties have offered substantive evidence to support their contentions. We must conclude that Gorman's attempted demurrer to the evidence was not a permissible pleading. In the *Kelley* case, *supra,* we held that one who files an unauthorized demurrer to his adversary's evidence thereby waives the right to adduce additional proof. It follows that Gorman waived his right to offer further evidence, and the case comes to us for final trial *de novo* upon the record made below.

On the merits the merchantability of Gorman's title emerges as the decisive issue. A purchaser, until he accepts a deed to the land, is entitled to rescission upon a showing that the vendor's title is not marketable. *Sutton* v. *Ford,* 215 Ark. 269, 220 S. W. 2d 125. Here it appears that the Carricks neither accepted a deed nor approved the deposit of a deed in escrow. Indeed, Dr. Carrick testified without contradiction that he had not even reached the point of employing a lawyer to examine the title.

The undisputed evidence shows that Gorman's title is not merchantable. Two surveyors testified that the brick wall of the hotel building encroaches upon the adjoining land, some of which is owned by the United States. It goes almost without saying that in this situation the seller's title is not merchantable. Thompson on Real Property (Perm. Ed.), § 4586. In fact, Gorman does not in his brief deny that his title is defective. Instead, he advances two

reasons for a rejection of the appellants' request for rescission.

First, it is contended that the chancellor was right in excluding all testimony about the encroachment, as this defect was not specifically pleaded in the cross complaint. It appears, however, that the cross complaint did allege that ''the title to said hotel real property ... is not marketable.'' This assertion was a mere conclusion of law, but Gorman nevertheless filed a responsive pleading in which he expressly denied that his title was not merchantable. It was not until the surveyors' evidence was offered at the trial that Gorman interposed the objection now before us.

We hold that the objection came too late. A motion to make more definite and certain is the proper way to pinpoint an adversary's error in pleading a conclusion of law. When a litigant elects to join issue with such a defective allegation he waives the defect and cannot raise his point for the first time by an objection to the evidence. *Choctaw, O. & G. R. R. Co.* v. *Doughty,* 77 Ark. 1, 91 S. W. 768; *Jonesboro, L. C. & E. R. R. Co.* v. *Board of Directors,* 80 Ark. 316, 97 S. W. 281; *Wassell* v. *Sprick,* 208 Ark. 243, 185 S. W. 2d 939.

Secondly, the appellee insists that a vendee cannot avail himself of defects in the vendor's title without first giving the vendor notice and a reasonable opportunity to cure the flaw. This is true, and the rule would be applicable if the Carricks had taken the initiative in seeking to obtain a cancellation of the contract without affording Gorman a chance to remedy defects found in the title. *Mays* v. *Blair,* 120 Ark. 69, 179 S. W. 331. But when, as here, it is the seller who brings the matter to a head by filing suit to enforce the contract, and the purchaser pleads a defect in the title, it would be manifestly impractical to permit the seller to ask in the middle of the trial that the hearing be adjourned to afford him an opportunity to remedy the defect. Hence the rule is that a vendor must have good title when he sues for specific performance. Thompson, *supra,* § 4641; Powell on Real Property, § 928.

It follows from what we have said that the appellants are entitled to the entry of a decree canceling the note and

the contract of sale and restoring to them their down payment, with interest. They are not, however, entitled to recover the sum sought for their improvements, as their proof is deficient in failing to show the extent, if any, to which the asserted improvements enhanced the value of the hotel property. *Abraham* v. *Hatchett,* 128 Ark. 15, 193 S. W. 72, 6 A. L. R. 88.

Reversed.

GEORGE ROSE SMITH, J., on rehearing. In a petition for rehearing the appellee Gorman earnestly contends that we have abrogated the settled rule which requires a vendee-defendant to plead and prove the specific defect of title that he relies upon to defeat the vendor's suit for specific performance. To support his position Gorman cites *Bolton* v. *Branch,* 22 Ark. 435; *Walker* v. *Towns,* 23 Ark. 147; *Anderson* v. *Mills,* 28 Ark. 175; *Benjamin* v. *Hobbs,* 31 Ark. 151; *McGowan* v. *Smith,* 68 Ark. 215, 57 S. W. 256; and *Lone Rock Bank* v. *Pipkin,* 169 Ark. 491, 276 S. W. 588.

We adhere to the cited decisions, but we do not consider any of them to be in point. In two of the cases, *Bolton* v. *Branch* and *Anderson* v. *Mills,* the vendee-defendant attempted to cast upon the plaintiff the burden of showing his ability to convey good title. We held that the defendant had the burden of pleading and proving specific defects. In two more of the cases, *Benjamin* v. *Hobbs* and *McGowan* v. *Smith,* the vendee-defendant pleaded as a conclusion of law that the plaintiff had no title, and we affirmed the trial court's action in sustaining a demurrer to that plea. In the other two cases, *Walker* v. *Towns* and *Lone Rock Bank* v. *Pipkin,* the vendee-defendant failed to prove that the plaintiff's title was defective.

The case at bar differs sharply from all six of the foregoing decisions in that here the vendee-defendants actually proved that the plaintiff's title is not merchantable. Thus they discharged their burden of proof. The only remaining question is the effect of their pleading a conclusion of law instead of the specific defect relied

upon. It is true that the defect should have been pleaded, and under the cases now cited the plaintiff might have challenged the faulty pleading by filing a demurrer or a motion to make more definite. In that event the defendants would presumably have pleaded the defect which they ultimately proved. But Gorman elected to join issue with the defendants' imperfect cross complaint, by filing a responsive pleading in which Gorman denied that his title was not merchantable. We are still of the opinion that Gorman's action amounted to a waiver of the flaw in his adversary's pleading.

Rehearing denied.